**Bonnie K. WHITE, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3236.

United States Court of Appeals, Federal Circuit.

Nov. 13, 2001.

---

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Bonnie K. White petitions for review of the final decision of the Merit Systems Protection Board ("Board"), No. PH–0752–00–0083–I–1, that affirmed the action of the Department of the Army ("agency") removing her from her position as Supervisory Clinical Nurse, GS–10, at the Army Health Clinic at Fort Detrick, Maryland. We *affirm*.

## DISCUSSION

### I.

The agency removed Ms. White for having assaulted Dylan Todd Keithley, a six-year old child and family member of a soldier assigned to Fort Detrick. The incident occurred after Dylan became hysterical when blood was drawn from him in the course of a physical examination. The agency charged that Dylan remained hysterical after the procedure was completed and that, in order to quiet him, Ms. White grabbed his face, covered his mouth, yelled at him, and then slapped him "moderately hard three times in the face" while he was immobilized in a restraining device. Ms. White appealed her removal to the Board. Following a hearing, the administrative judge ("AJ") to whom the case was assigned sustained the action. The AJ's initial decision thereafter became the final decision of the Board when the Board denied Ms. White's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed.

### II.

■ Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703; *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

Ms. White's first contention on appeal is that the AJ failed to consider facts relating to Dylan's behavior, the method of his restraint, the inexperience of the individuals who were present when Ms. White slapped Dylan, and Ms. White's alleged attempts to calm Dylan. We disagree. The record reflects that the AJ did in fact consider all the relevant facts.

The AJ found that it was undisputed that, throughout the procedure, Dylan continued to wiggle and cry hysterically, so much so that it took three tries to successfully draw blood. Ms. White admitted to being upset during and immediately following the blood draw procedure. She also admitted slapping Dylan three times in the face, grabbing his face, and speaking to him. Ms. White indicated that she slapped Dylan because she was concerned that he would fall off the examining table once he was released from the restraints if he did not cease his hysterics. According to Ms. White, the slaps were designed to get Dylan's attention and let him know that the procedure was finished. Three eyewitnesses to the incident testified that Ms. White angrily told Dylan to "be quiet." They also testified that Ms. White's slaps were "moderately hard" and that Dylan only screamed louder after he was slapped.

The AJ found the testimony of the three witnesses regarding the severity of the slaps to be more credible than Ms. White's claim that the slaps were only "three fast taps." The AJ found that none of the three witnesses harbored any animus for Ms. White nor stood to gain from her removal, so that there was no motive for them to lie. Furthermore, each of the eyewitnesses testified consistently with prior written sworn statements.

Neither is there merit to Ms. White's argument that the AJ erred in applying the law of battery. A battery is "an intentional striking or touching of another person committed without justification." *See Spearman v. U.S.P.S.,* 44 M.S.P.R. 135 (1990); *Fuller v. Dep't of the Navy,* 60 M.S.P.R. 187 (1993), *aff'd,* 40 F.3d 1250 (Fed.Cir.1994)(Table). Here, the AJ concluded, based on Ms. White's own admission and the testimony of the three witnesses, that Ms. White's conduct in slapping Dylan Keithley three times in the face and grabbing and shaking his face constituted a battery. The AJ was not persuaded that Ms. White's actions were necessary in order to calm down Dylan and prevent him from falling off the examining table once he was released from the restraints, as Ms. White contended. The AJ properly applied the law of battery to Ms. White's case.

Finally, Ms. White argues that, based upon her record, the penalty of removal was unduly severe. To determine the appropriateness of the selected penalty, the Board looks to the agency's consideration of the relevant factors enunciated in *Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280 (1981). We will not disturb the penalty chosen by the agency unless it is so "outrageously disproportionate" to the charged offense in light of all relevant factors as to constitute an abuse of discretion. *See Bryant v. National Science Found.,* 105 F.3d 1414, 1416 (Fed.Cir. 1997).

In this case, the AJ determined that the agency's deciding official, Col. Lomax–Franklin, properly considered all of the pertinent *Douglas* factors. The AJ found that in an extremely detailed written notice of decision, Col. Lomax–Franklin considered Ms. White's written replies, the nature and seriousness of the offense, her job level and type of employment, her lack of a past disciplinary record, her past exemplary work record, her future ability to perform at a satisfactory level, the consistency of the selected penalty with the

agency's table of penalties, the notoriety of the offense, Ms. White's rehabilitative potential, alternative penalties, and other mitigating factors raised by Ms. White.

At the hearing, Col. Lomax–Franklin testified that she carefully considered the relevant *Douglas* factors. Specifically, she stated that she considered mitigating factors raised by Ms. White, including the numerous letters written on Ms. White's behalf. Additionally, she testified that she considered lesser punishments but found that the severity of Ms. White's misconduct rendered lesser punishments ineffective. She also stated that she had considered Ms. White's supervisory position in the agency and her authority over subordinate medical caregivers. In that regard, she testified that she had lost trust in Ms. White and in her ability to perform as a manager, especially since the misconduct had been committed in the presence of subordinates. According to Col. Lomax–Franklin, Ms. White breached the trust expected of all health care professionals and the canons of professional nursing ethics. Finally, Col. Lomax–Franklin testified that the seriousness of the offense, Ms. White's position as a supervisor, and the fact that she no longer had faith in Ms. White's ability to function in her position outweighed Ms. White's 14 years of exemplary service and spotless disciplinary record.

Based upon the record before us, we are unable to say that the agency abused its discretion in imposing the penalty of removal upon Ms. White. We therefore will not disturb the decision of the Board sustaining the penalty.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.